Good morning, Your Honors. Judge Guy. May it please the Court, I am Jeffrey Berger, representing the Plaintiff Appellant. Your Honors, the District Court... Can you tell me how you and counsel for the EEOC intend to divide your time? Yes, I am giving the EEOC five minutes of my time, and I would like to reserve three minutes for rebuttal, so I'm taking seven minutes for my direct argument. Thank you. Your Honors, the District Court dismissed this case on summary judgment, despite the fact that a statement was made three times during the process of informing the plaintiff employee why he was being discharged from the school district. The District Court held that the following was not direct evidence of age discrimination. We have the Superintendent McCarran coming to a performance evaluation of the plaintiff and saying, The Board, leading off with, The Board wants you to retire. Some other discussion ensues. The plaintiff is asking the superintendent, the superintendent is responding. The plaintiff says, Well, what do you want? And McCarran says, If it were up to me, I would have you stay and perform work. And then the plaintiff says, But the Board would not like that. Something in that order. And the superintendent says, Yes, they could force me to fire you, and they could make your life hell. Now, the next day, the superintendent, oh, one more thing, the superintendent McCarran says, It's possible that we could offer you the same buyout that's being offered to some teachers. The next day, McCarran comes back to the plaintiff and says, I think I can get you that buyout. And the plaintiff says, Well, I plan on working at least two more years as the principal here, at least, the economy permitting. And McCarran says, Finally, they just want someone younger. Now, this is an important verbatim statement. They just want someone younger. The district court ruled that, following the advocacy by the district, that the term they was ambiguous somehow. When, in fact, there was no other they, there was no other pronoun that was mentioned between Mr. McCarran and Mr. Schick in either conversation the day before or on this day. The they is referring to the Board. Who's the employee, which is the employee entity? Yes, the Board is the employee entity. McCarran, the superintendent, is the only employee of the Board, and he has plenary power to hire and fire. Now, there's an issue here as to who is the actual decision maker. McCarran testified that he is the sole decision maker. However, his testimony also included the fact that there was a consensus amongst the Board, who he reports to, that they should terminate the contract of the plaintiff. And McCarran also testified that he had regular meetings with the Board members and that the Board president was aware that Mr. McCarran was going to be telling the plaintiff that his contract was being discontinued. And McCarran goes on to repeat again in the second meeting between the two, they just want someone younger. Now, not only is they not ambiguous in normal English grammar in this circumstance, but the term just is a very important word in this sentence also. Curiously or tellingly, the FLEs, the school district, has been quoting Mr. McCarran's statement as they want someone younger. But the statement was they just want someone younger. And in common English usage, when somebody uses that term just, it means a summary or a summation of getting to the point of the discussion. When someone says I just don't want that, or I just don't want to do that, I'm just saying this, the word just means that is the main point of the phrase. So the meeting between McCarran and Schick was about McCarran telling Schick we're letting you go. And so the statement made by McCarran, they just want someone younger, is made at the time of the firing decision. It is made by either McCarran as the decision maker himself, or by McCarran as the sole agent of the decision making body, the board. Now, the FLE argues that there's no proof that McCarran had ill intent or discriminatory intent based on age. And my argument in my brief, Your Honors, was whether McCarran himself originated the idea of wanting someone younger, or whether he carried out the idea or the act of firing Mr. Schick because the board wanted someone younger, it was McCarran implementing the decision based on the illegal criterion of age, which is against the law. And Your Honors, two weeks passed and Mr. McCarran came again to Mr. Schick and repeated the same statement, they just want someone younger. Now, under the ADA, Your Honors, the standard for proving age discrimination has been established as a but-for causation standard. When the decision maker or the decision maker's agent says, they just want someone younger, the word just means, no matter what else is being considered here, the summation of our intent is that we just want someone younger. It doesn't matter what else is going on. Now, Appellant submits, Your Honors, that if the ADA does not protect the employee under these circumstances, the ADA is a shell of a law. I have tried to imagine a more direct statement and all I can come up with is if an employer says to an employee who they're terminating, we are terminating you because of your age. That's the only possible statement that could be more direct than this statement, Your Honors. Counsel Judge Guy, I understand what you're saying certainly, but does the interplay with PESG have any effect here? This contract was due to expire, as I remember, in June of 2010 and couldn't they, Tecumseh Schools, just let this contract expire and that would have ended his employment? Your Honor, theoretically they could have, however, they did not and the law is that wrongful failure to renew a contract may also establish liability under the anti-discrimination laws, the ADEA and the LCRA. So, Mr. Schick was performing well, he had a very good performance review even while McCarran was telling him we're letting you go and he would have and he was eligible and able to continue his employment and the claim is about the discriminatory failure to renew that contract. One other thing you said that I am a little confused about, you said that he talked to him about offering a package that other teachers had gotten, he had actually retired already, hadn't he? Your Honor, yes, that was several years earlier when, in order to save the district money, Mr. Schick agreed to transition under the aegis of this staffing company, PESG, to come back to the district as a formal matter from PESG rather than directly employed by the district. It sounded like you were saying that that happened during these conversations that had the age comments and so forth, but that was all prior, before he actually retired? Yes, that was all prior, yes. And the buyout that was referred to would have been a buyout of his contract, presumably? Your Honor, that's unclear on the record. That is unclear. That's the only kind of buyout that would have been pertinent to Mr. Schick. Schick, right. I think actually a better description would be a severance package. But what was said was buyout. Yes. But he couldn't really admit buyout. I think that's true, Your Honor. And I would like to, can I make one more point? Well, your time is up. My time is up. Yes, if there are no more questions, I think we better move on to Mr. Tucker. Thank you, Your Honor. Good morning, Your Honors. I'm Jim Tucker with the EEOC. If I could, I'd like to quickly address two points that came up with the plaintiff's presentation regarding the decision-maker question about the evidence there was regarding McCarran being a decision-maker versus the influence of the school board. And I just want to note two other pieces of evidence that are in the record, one being that McCarran testified that he listened to the board regarding his decision-making. He listened to their opinions. And he said, again, as the plaintiff's counsel stated, he would have kept Mr. Schick if it was up to him. If I could also quickly, Your Honor, Judge Guy, address your question about the question of whether or what's the role of the inevitable perhaps or possible expiration of the contract with PESG. The EEOC would submit, as it did in its brief, that the question of what may have happened ultimately regarding his contract doesn't have bearing on what happened specifically regarding the age discrimination in this case. The law is settled in this circuit and with the Supreme Court that the actual time of the discrimination was when the decision that was discriminatory was communicated to him. That was in February 25th, long before the contract was expired. The main point I guess I'd like to add from the Commission's perspective regarding this case, Your Honors, is to reinforce that, and I believe this court has taken the proper approach in the Geiger decision and more recently in the Sharp decision, that there is not a role for McDonnell-Douglas type burden shifting or mixed motive burden shifting at the summary judgment stage in a direct evidence case. This court stated clearly in both of those prior six circuit decisions that if there is direct evidence that but for the discriminatory motive, you wouldn't have had the adverse action, then that's enough right there to defeat summary judgment. What is your definition of direct evidence? Well, following what this court said in Sharp, Your Honors, direct evidence is evidence that but for the discriminatory motive, the adverse action would have taken place. So it necessarily includes the higher definition provided by the Supreme Court in gross. I mean, that kind of combines the causation standard with but for, and it's kind of conclusory. I mean, we have got a question of what's direct evidence, what's circumstantial evidence. Normally, it's my understanding direct evidence is evidence that would prove the truth of the matter asserted without the necessity of an inference, while circumstantial evidence requires an inference to prove what is asserted. Would you agree with that? That's correct, Your Honor. That's correct. Although, again, in this court. And combining the causation standard with it, I think is a little different. What's direct, what's sufficient direct evidence to establish a prima facie case is a different issue of what the definition of direct evidence is. That may be the case, Your Honor. I don't necessarily disagree with your point, but I will say that both in the Geiger decision and in the Sharp decision, this court stated that this is what. I recognize that. I don't think I wrote those. I won't say who did, Your Honor. I hope I didn't. In any event. I think I wrote Geiger. If any writer said so, then myself. That's the one. In any event, under that standard, we think this evidence definitely meets that standard. If there are no further questions for the EEOC. Well, I want to ask you one that kind of relates to what Judge Griffin just asked you. It goes to kind of the way I've been conceptualizing if this piece of evidence is direct evidence. It's direct evidence both of improper motivation, i.e., age-based motivation, and causation. Yes, Your Honor. But for causation, it would be direct evidence of both if it is, in fact, direct evidence, correct? That's the correct standard. And you sort of look at it, you know, if you're in a non-circumstantial evidence context, you sort of look at it like an employment discrimination claim is like any other claim. It has elements, and one would be, you know, the one on which liability, you know, based liability. The other would be the causation element. That's correct. I think, you know, there's been confusion over time regarding how to deal with mixed motive. Generally, how would direct evidence versus circumstantial evidence, how this all plays together. But I think the way this is sorting out at this point is consistent with historically how direct evidence is treated in the circuit, and that is if you've gotten direct evidence, you've basically created a jury fact. Again, direct evidence to this point that goes to causation. You've created a jury question as to causation. So the question of whether or not there was another factor that was involved or not is a jury question because you have the definition. You've got to have both, and, you know, I guess I'd be hesitant to ever say as a matter of law, a particular kind of evidence creates a jury question. I mean, these cases, for all that the Supreme Court has created along the way, I'm talking not just about age cases but employment cases in general, although there's been this huge structure created for the way they're analyzed, you know, at the end of the day they're very, very fact dependent. That's right. And the heart of the analysis of all of them, putting aside the mixed motive context. But it is fundamentally different. I mean, if you have direct evidence established as a prima facie case and you've got the causation, you don't go to the burden shifting of McDonnell Douglas. I mean, you don't go back that the defendant has to establish a nondiscriminatory reason and it goes back and forth. The direct evidence ends the analysis, right? If that's direct evidence and it also establishes enough for the causation, you do go to the jury, right? And we don't go to the next stage. Well, that's right. And if I just briefly, very quickly ask, that's right. I think it makes a big difference. It's because that analysis itself encapsulates what you would do in McDonnell Douglas. You've already done that by necessity. You've presented that evidence. McDonnell Douglas is for circumstantial evidence, and because it's circumstantial it pings back and forth because the ultimate decision is whether the improper discriminatory motive was but for the reason for the employment decision. That's right. But even in cases in which McDonnell Douglas is applicable and a defendant has a burden of production, the burden in both types of cases is always on the plaintiff at the end of the day to establish the elements of the claim. Exactly right, Your Honor. Again, McDonnell Douglas was created as just a way of dealing with certain types of cases with certain types of evidence to get at, and again, as the Supreme Court stated early on, when there wasn't direct evidence. It's a production burden. It's not a persuasion burden. For the employer, that's correct. And the burden of persuasion is always on the plaintiff here. But if you have a direct evidence case that the direct evidence does establish the causation element, we don't even go to the burden of production stage. That's right. For that matter, you don't analyze whether there's a prima facie case either. I mean, that's just the nature of, again, it's that big definition that encapsulates all of this analysis. Okay. Or age cases. Right. They say this isn't direct evidence because it's ambiguous about they, and can you think of a less ambiguous statement? What do they think it'd make? The board has directed me to have to do all the dots and cross all the Ts and almost do a legal statement, wouldn't you? Not only that, Your Honor, but if I may. I mean, this is one of the most direct statements I've ever seen. Mr. McCarron, in the second, I believe the second, the record's not 100% clear, but I believe the second time that he said they want someone younger. In his deposition, he was asked whether or not he had said that the school board wanted someone younger. Not they. The school board wanted someone younger, and I'm trying to get that so I can read it to you specifically. And the response was yes. So not only that, we have McCarron's own testimony that he was talking about the school board. Now, I want to qualify in that conversation. He said that he was talking about the school board said that they wanted someone younger for his position. Mr. Sheck offers competing testimony that in that conversation, Sheck asked him specifically, are you saying that about yourself or me or both of us? And McCarron responded, both of us. So there is even more pointed evidence in the record that he was talking about the school board. But I agree. It really defies logic to say any more than it does to suggest that the term younger here was used to discuss something other than age. On its face, it's an age-based motive. All right, we'll hear from Mr. Chappie. And maybe you can tell me how you all are dividing your time. Yes, Your Honor. Good morning, Your Honors. My name is Ken Chappie. I'm appearing on behalf of Tecumseh Public Schools. I'll be using ten minutes, and I'll reserve five minutes for Mark Smith, who's representing PESG. Your Honors, we believe that the district court's decision granting summary judgment should be affirmed because when you look at the overall circumstances of the case, they just do not suggest age discrimination despite the statement that the plaintiff relies on. I think that viewing it as plaintiffs do, it takes too myopic of a view of the case. You know, it really, kind of with Judge Griffin's characterization of the statements that were made, it seems the only reasonable conclusion on this record would be that they refers to the school board, and then when you get past that, the statement could not be more direct evidence. And that gives you a real problem in terms of summary judgment, even if you don't accept the EEOC's argument that direct evidence necessarily and always means a genuine issue of material fact. Sure, Your Honor. I'll address it, I guess, starting at the end of the statement first. McCarron did, the plaintiff testified that they were speaking about a number of topics during these conversations. It was about the principal position, the superintendent position, and the future of the school district. That much is undisputed because the plaintiff said that McCarron asked about his intentions going into the future and that the school board would want someone in the position long term. Now, McCarron, when testifying about the statement, categorically denied that he made the statement that they wanted someone younger for the high school principal position. What he said on page 93 of his deposition, which is page ID 349, that the conversation was about succession from his position. He was 66 years old at the time that the statement was made. Surely, a jury would not have to accept Mr. McCarron's characterization of the comments. Understood, Your Honor. But the distinction is this. When you're talking about a direct evidence standard, you're talking about a statement that requires no inference. That's from the Geiger opinion. And if you have a statement that is at least ambiguous at the end and there is a very reasonable, plausible explanation that's alternative to what the plaintiff is saying, that couldn't be direct evidence. Well, no, you're confusing whether it's an issue of fact, whether the jury could rule one way or another than to infer something from something else. I mean, you know, inference is, I mean, a classic case is when you see footprints somewhere, you can infer that those footprints were made by something. If they're a person's footprint, that there was a person that walked there, and you can infer one from the other. It's not that the statement can be interpreted two different ways. I mean, that's a factual issue rather than I infer this from something else. I agree. I mean, I think you're confusing them. No, I agree that that is a factual issue. And I think because the standard for the jury – Just because there's a factual issue, that means you go to the jury. That doesn't mean you're entitled to summary judgment because there's a disputed material issue of fact, and that's kind of what you're arguing. No, what I'm saying is about the statement itself. If you're determining not just the narrow issue of whether this is direct evidence, and the standard for determining direct evidence is you can't take any inferences at all, not even in the favor of the plaintiff. You know, the thing about it is the argument that this requires the sort of inference that is prohibited under the case law is kind of – it's taking it to a ridiculous extreme. If somebody says, did so-and-so say X, and somebody else responds, yes, here's what he said, then he becomes indirect evidence even if what was said is direct evidence because you say it requires an inference. Well, you know, when you've got a situation like that and the pronoun is used, and the only possible thing to which the pronoun refers is clear from the record, I don't see how that gets to be the kind of inference that is being discussed. I just don't. Fair enough, Your Honors. I'm not going to convince you. But I guess when you're looking at an age discrimination case, assuming this is direct evidence of discrimination, I don't think that it has the same importance in an age discrimination case when you're talking about a but-for standard as it would in, say, a Title VII case under a motivating factor standard. And the reason is because the but-for standard is a more demanding standard and was recognized by the Supreme Court last June and the University of Texas Southeast. All we're deciding is whether there's enough evidence for the jury to determine whether the causation standard can be proved at trial. It's not whether they have proved it. I mean, this is the summary judgment stage. And gross, saying it's a but-for standard doesn't change, at the end of the day, burdens of proof. I mean, all these cases carry preponderance of the evidence standard. Motivating factor has its own analytical framework. We know we don't use that anymore in age cases. Sure, Your Honor. So why would we talk about it? I mean, it's not a difference in the burden of proof. It's an explanation as to how one goes about proving causation. Sure, Your Honor. And in this Nassar case, University of Texas versus Nassar case, the Supreme Court brought up the issue of whether direct evidence satisfies the causation standard because that's what's stated in the EEOC's compliance manual. And in the context of the but-for standard, the court rejected that argument and said that this is a more difficult burden of proof to establish than just a motivating factor standard, which is what they called a less than a 0. Well, the motivating factor standard is not all of the analysis. I mean, just saying it's more difficult than motivating factor, of course it's more difficult to carry the ultimate burden but-for than to establish a motivating factor. That's the first step in the motivating factor analysis. Sure, Your Honor. I guess my ultimate point is this. If you have direct evidence, that's just not the end of the case at summary judgment. You have to look at all the remains. Of course you do. And direct evidence and circumstantial evidence, there's no, you know, the employment discrimination cases have created a dichotomy between the two for analytical purposes. But at the end of the day, the old rule, the direct and circumstantial evidence are both equally valid methods of proving something and one is considered the same of the other. It's all about the weight. That applies to employment cases just as it does to any other kind of litigation with which I'm familiar, right? Yes, Your Honor, yes. All I'm saying is there's no more additional weight to direct evidence than there is circumstantial evidence. If there's direct evidence in a case like this where there's a but-for standard, you still have to look at the surrounding circumstances. When you have a case like this- Boy, that leads us to no summary judgment. Well, if you have a case where a school district is meeting with somebody on an age case or on a termination meeting and says to the person who's being terminated, they're 40 years old, say, we're getting rid of you, we want someone younger. The person who made the decision is 65 years old. The person that's going to replace the 40-year-old is 70 years old. And then the person who's being terminated, the 40-year-old, had been committing crimes, say heinous crimes, like molesting students in a school building. When you look at those circumstances and just have that statement, you can't look at those circumstances and say that it's a- Is that our case? No, I'm not saying- Why are we talking about that? It's not too far off, actually. I'm not saying he's molesting students. I'm saying, though, that we have a case here where the plaintiff is 56 years old. He's replaced by someone who's 66 years old. Many of the board members are plaintiff's age and older. The school district continued- Okay, well, if we're in a circumstantial case, then I guess the replacing with somebody older comes into play. But, I mean, that's where we get back to the analysis of direct evidence. We don't even have to go to that stage. I'll get Judge Guy. This is probably a curiosity question as much as anything, but why didn't you just let this contract expire? It seems to me it would have eliminated all of what is now the alleged direct evidence of age discrimination. True. Yes, Your Honor, they could have let the contract just expire. It was expiring that June. The plaintiff had retired in 2007 to take advantage of a retirement incentive that allowed him to collect his salary plus his pension, which basically gave him a 50% raise to do the same type of work. So they could have just let it expire. He was an employee of PESG at that time. They were responsible with the contract. He could have gotten a new assignment from PESG under the contract once his contract with Tecumseh Public Stools expired. There was no guarantee in the contract that it had to be renewed again. So that was a definite possibility as to why it didn't just happen that way. I don't know. The point you're trying to make is considering the totality of the evidence that no reasonable juror could find age discrimination here. I'm trying to come up with what your argument is. Yes, Your Honor. I'm just saying if you look at the totality of the circumstances here, which what Gross is suggesting be done under a but-for standard, that you can't say that this is age discrimination. No reasonable juror could say that when you replace a 56-year-old with someone who's 66 years old, that that's age discrimination. When the board members that they're attributing the decision to are plaintiff's age and older, that that's age discrimination. When the board and the superintendent are renewing similar administrator's contracts, when they're the plaintiff's age and older, that's not age discrimination. The move to eliminate the position. No, but the fact that Mr. McCarran served for a very short time and then was replaced by a much younger man does provide some evidence as the type of candidate that the board thought was most desirable for this position. So that's some more evidence, while not direct, but it's other evidence in the record that could go to support the plaintiff's claim. Sure, Your Honor, but there was an intervening circumstance that was very significant. That's right. Something for the jury to think about, perhaps. Replacing somebody with somebody that's older or younger, that's circumstantial evidence, and you can infer from the fact that you replace somebody, an older person with a younger person, you can infer from that action that that age may have been a factor. That's what circumstantial evidence is. Based upon an inference of this action, from this action you can infer something else. As opposed to, we're firing you because we want somebody younger. You don't need an inference there. That is real direct. Why are you firing somebody? Because we want somebody younger. There's no inference there. You don't have to go from one fact to another fact. To me, that's the difference between direct and circumstantial evidence. I agree, Your Honor, but a nearly identical statement was made in a 2013 decision. I think, Judge Gibbons, you may have been on the panel where the statement was made. I don't want to misquote it. It was Marsh versus Associated Realty. And I think the statement was, I think you're getting too old for your job. I think you're getting a little too old for your job. It was made at the time during the termination hearing. And that was determined not to be direct evidence of discrimination. Why are you firing me? They just want someone younger. It's a little different than, I think you're getting a little old for your job. We want somebody younger. And in these cases, you always have to look at who the speaker is, too. Correct, Your Honor. Also, we just want somebody. That really does sound like that is the but-for reason. Well, Judge Gibbons, you make a good point. You do have to take a look at the speaker. And the rule is statements by non-decision-makers are not direct evidence of discrimination and statements by decision-makers not related to the Adverse Employment Act. Is there an issue of fact, whether the board is the decision-maker or whether the superintendent is? Well, if you take the plaintiff, as I understand their position, is that the board is the decision-maker and McCarran is just acting out their decision. Well, another way to look at it might be that there is a fact issue about that, too. There could be. But I don't think that that precludes summary judgment. Your time has been up, and it's our fault. I mean, we ask you questions. That was not to cast aspersions on your continuing to argue. That was to say it's time to sit down now, though. Thank you. Thank you all for your time. Thank you. Thank you, Your Honors. Mark Smith on behalf of Defendant PESG. In being mindful of the time and the fact that we're over, I'll just hit a couple of issues. In Brewer v. New Era, a Middle District of Tennessee case,  were too old to continue working, were not found to be direct evidence of age discrimination. In Scott v. Potter, the statement, Why don't you retire and make everybody happy? was not direct evidence of discrimination. In this case, the plaintiffs want to condense a long discussion regarding a performance review where the school had not met adequate yearly progress, parents were complaining, teachers were complaining that this individual was coasting, he was phoning in his job, and was going to be relieved of his job because of those reasons. They want to make that all say, Why are you firing me? Because they just want someone older. It didn't happen that way. It didn't happen in a question-and-answer sequence. During the course of a long-ranging discussion, plaintiff alleges that Mr. McCarron said they want someone younger. As Mr. Chappie said, the statements by a non-decision-maker are not evidence, but direct evidence. Pardon me? You neglected the just? Isn't they... I believe... The alleged statement is they just want someone younger. Is that correct? That is at one point, that is one version of what plaintiffs said that Mr. McCarron said. Now notably, he claims that he also said this on March 15th, two weeks later, when Mr. McCarron is now the appointed principal of this school. He's ten years older than Mr. Schick. It makes no sense that he would say they want someone younger when I, 66-year-old Mr. McCarron, am now the principal and have taken your position. It's real critical that you address in this analysis that in the context, they were talking about Mr. McCarron about to retire a couple years later. The school board wanted someone to fill this principal position for two years and then assume the superintendent position. And Mr. McCarron said that he responded, if you're retiring in two years, they want someone younger because they want someone to take my spot two years from now. Mr. Schick didn't take him up on the opportunity, saying, I want to work more than two years. So these conversations are kind of conflated with one another. They're almost in the form of straight comments because it wasn't, why are you firing me? They want someone younger. It's almost as if it happened in the course of the conversation but not a direct question and answer. Okay, so what's your point? The point is it's not direct evidence of discrimination because If it's believed, I guess you're arguing it's not credible, that the testimony the plaintiff has is not credible. You don't normally assess credibility on appeal. Is that what you're arguing? Is it not credible evidence? Well, no, I'm saying that, I'm not saying it's incredible, but what I'm saying is you can't just take it in isolation. You have to put it in the context of the conversation. Well, if we take the version of the evidence in the light most favorable to the non-moving party, which here is the plaintiff. Right. We have to, and you concede we have to do that under the summary of judgment, right? You do. Yes. Well, then why isn't that sufficient? But then you have to take the whole statement. You can't just take the piece that he pulls out of it and says this is favorable to me. In the context that he puts it in. No, I think you have to look at the whole context. I mean, it's most favorable to him, but it doesn't mean you ignore the context. Counsel, Judge Guy, you don't stand in exactly the same shoes as Tecumseh Public Schools do in this case, do you? I do not directly, Your Honor. The plaintiff did not sue PESG. They sued Tecumseh Public Schools, which in turn sued PESG under an indemnity provision in the contract. Our position was that, okay, your contract with Tecumseh Public Schools has come to an end. What do you want to do next? We have more assignments for you. And he never took us up on being put into another school system. We're an employment agency, in essence, that places these principals in different schools. His assignment at Tecumseh ended. We said, where do you want to go next? Now, if the claim against Tecumseh goes away, Tecumseh's claim against PESG goes away. That's why we're here and participating in this process. Thank you. You're welcome. So, again, this is... The other point I wanted to make is that it is unrefuted that Mr. McCarran was the sole decision maker. The only inference that anyone else made a decision was the use of the word they. The unrefuted testimony by Mr. McCarran is, I made this decision. It's not contradicted. But if he says they want this, even if it's his call, doesn't that show that he's being influenced by the board? Well, and if he is being influenced... That influence is the but-for reason for his decision? The testimony is that the school board and Mr. McCarran never talked about age. Plaintiff never took... Whatever. I mean, if the statement is true, they just want somebody younger, he works for the board, even though it's his call, he's being influenced by the board's illegal age discrimination. Why isn't that enough? Because he denies that's what happened. Well, that's issue of fact, though, isn't it? Isn't it an issue of fact? Well, it's an issue of fact if you take the statement completely out of context. I think you have to read the whole dialogue between the two, as quoted in the briefs, to determine whether it rises to the level of direct evidence.  All right, Mr. Berg. Thank you, Your Honor. Your Honors, all of the arguments about other reasons why Mr. Schick may not have continued as the principal are irrelevant, because the violation of the statute occurred at the time Mr. Schick was told directly they just want someone younger, and that's why we're letting you go. He was told that three times. Mr. McCarron testified clearly that at the time he made the decision, the reason that he was using was the performance of Mr. Schick. And he also testified that he deliberately used the performance evaluation setting to set up the termination of Mr. Schick, which further establishes that there was a reason behind the performance, the idea of the performance evaluation, which was what Mr. McCarron directly said. Mr. McCarron's testimony is at page 70, which is page ID 786. He says, I guess the question is, were you doing this evaluation to set up the termination of the relationship with Mr. Schick? Answer, yes. Question, okay. But the idea about you filling Mr. Schick's position, as I just understood your testimony, didn't really hatch until March? Answer, it didn't hatch until after this. So whatever machinations went on after the whole decision was made to release Mr. Schick because they just want someone younger, at this stage, summary judgment, all that is irrelevant, Your Honors. And furthermore, in the recent Sharp case, the Court spoke to that very issue as follows. Further, the existence, let me see here. Aker also argues, this is in the Sharp case, Aker also argues that it would have made the same decision to discharge Sharp absent an impermissible motive because Sharp was an inferior performer compared to Kilpatrick. Perhaps, but the jury should decide that question, unquote. If Your Honors have any concerns about any other issues, I'm happy to respond. Thank you. We appreciate the argument all of you have given and will consider the case carefully. Thank you. Thank you, Judge Guy.